UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA FRIERSON, Individually and as ) <br> Widow of KEVREK FRIERSON, Deceased, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>     Defendant. ) | Case No. 3:15-cv-390 <br> Judge Aleta A. Trauger |

## MEMORANDUM

Pending before the court are two motions: 1) a Motion to Dismiss filed by the defendant, the United States of America (the "United States") (Docket No. 9), to which the plaintiff, Wanda Frierson, has filed a Response in opposition (Docket No. 18), and the United States has filed a Reply (Docket No. 45); and 2) a Motion for Oral Argument filed by Ms. Frierson regarding the United States' Motion to Dismiss (Docket No. 42), to which the United States has filed a Response (Docket No. 44). For the reasons discussed herein, the United States' Motion to Dismiss will be denied in part and stayed in part, and Ms. Frierson's Motion for Oral Argument will be denied.

## BACKGROUND & PROCEDURAL HISTORY

Ms. Frierson initiated this action on April 7, 2015 (Docket No. 1 (the "Complaint")), on behalf of herself and her late husband, Kevrek Frierson ("the decedent"), naming as the defendant the Department of Veterans Affairs (the "VA"). According according to the Complaint, the decedent was entitled to VA benefits based on his service in, and honorable discharge from, the United States Marines. The Complaint alleges that the decedent was periodically hospitalized in VA hospitals in both Murfreesboro and Nashville, due to a number of medical conditions, and that he was a patient in one of those facilities at the time of his death. The primary allegations in

1

the Complaint are that: 1) the practitioners who treated the decedent in the VA hospitals in the days and weeks prior to his death negligently failed to properly evaluate, monitor, and treat his medical condition, despite obvious and severe symptoms, and gave the patient medications that adversely interacted with one another, ultimately causing the decedent's death at the age of 53; and 2) after the decedent died, the VA allowed Tennessee Donor Service ("TDS") to remove his body from the VA hospital and harvest his organs and tissue, despite the fact that the decedent was not an authorized donor, and that Ms. Frierson was falsely advised[1] that the decedent had executed authorization for organ and tissue donation, causing her to unwittingly acquiesce in the donation. Ms. Frierson's claims, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680 ("FTCA"), are for medical malpractice and medical battery, and she seeks compensatory damages in the amount of $2.5 million.

Ms. Frierson did not attach to the Complaint, nor simultaneously file, a certificate of good faith, as required by Tenn. Code Ann. § 29-26-122, a provision of the Tennessee Health Care Liability Act (formerly known as the Tennessee Medical Malpractice Act), codified at Tenn. Code Ann. § 29-26-101 *et seq*. (the "THCLA"). The Complaint itself does not contain, nor is it not accompanied by an affidavit or other document containing, any of the information that is to be included in a certificate of good faith, under § 29-26-122. Nor did Ms. Frierson file a motion for an extension of time to file a certificate of good faith. The Complaint does not address this omission in any way, nor does it raise any factual allegations in support of an exception to the certificate of good faith requirement.

On May 28, 2015, Ms. Frierson filed a "Complaint Amendment" (Docket No. 7) to clarify that the proper defendant to this action is the United States.

---

[1] The Complaint does not specify who allegedly falsely advised Ms. Frierson, including whether this was a person associated with the VA or someone from TDS.

On July 1, 2015, the United States filed a Motion to Dismiss (Docket No. 9), along with a Memorandum in support (Docket No. 11). In this Motion, the United States seeks to dismiss Ms. Frierson's medical malpractice claim with prejudice under Rule 12(b)(6) on the grounds that Ms. Frierson failed to file a certificate of good faith, as required by § 29-26-122 of the THCLA. The United States also seeks to dismiss Ms. Frierson's battery claim under Rule 12(b)(1) and Rule 12(b)(6) on the grounds that this claim is governed by the Tennessee Revised Uniform Anatomical Gift Act, codified at Tenn. Code Ann. 68-30-101 *et seq.* (the "Gift Act") and: 1) the decedent was an organ/tissue donor under the Gift Act and, therefore, Ms. Frierson's claim cannot succeed as a matter of law; or, alternatively, 2) the VA is immune from liability, under Tenn. Code Ann § 68-30-115, for attempting in good faith to comply with the Gift Act and, therefore, this court lacks subject matter jurisdiction over Ms. Frierson's claim under Rule 12(b)(1) and the FTCA.

In support of its arguments related to the battery claim, the United States also filed the Affidavits of Jennifer Towers and Rose White (Docket Nos. 12, 13).[2] The Affidavit of Ms. Towers, who – according to the United States' briefing – is Quality Manager for TDS, attests that a document attached to the Affidavit "is part of [the decedent's] tissue donor record with DCI Donor Services, Inc. d/b/a Tennessee Donor Services." (Docket No. 16.) The attachment is labeled as a "Confidential Donor Registry Verification" from the Donate Life Tennessee Organ & Tissue Donor Registry[3] and indicates that the decedent registered as an organ and tissue donor on March 16, 2011. This authorization allegedly provides "legally binding consent to donate

---

[2] Due to an unexplained error, the Affidavit of Jennifer Towers at Docket No. 12 is unreadable. It was refiled on July 2, 2015 as Docket No. 14, still unreadable, and, finally, on July 6, 2015 as Docket No. 16, which is readable.

[3] According to the Donate Life Tennessee website, an individual can join this registry either by signing up online or while applying for, or renewing, a driver's license or identification with the Tennessee Department of Safety. *See* https://donatelifetn.org/HowItWorks.aspx#4.

organs, eyes, and tissues," "is irreversible and does not require the consent of another person," and "[a] signature is not required." (Docket No. 12-1.) The Affidavit of Ms. Wright, who is Chief Nurse, Acute Care and Inpatient Mental Health for the VA Tennessee Valley Healthcare System, explains that, when a patient dies at a VA medical facility, VA nurses are required to notify TDS. TDS, in turn, poses a series of questions to the VA nurses to determine donor eligibility status and then advises the VA nurses whether the deceased patient meets the criteria for donation. From that point forward, according to Ms. Wright's Affidavit, TDS is responsible for further contact with the deceased patient's family. Ms. Wright's Affidavit further avers that a VA nurse reported the decedent's death to TDS shortly after his death on June 18, 2014, pursuant to VA policy.

On July 14, 2015, Ms. Frierson filed a Response in opposition to the United States' Motion to Dismiss. (Docket No. 18.) Ms. Frierson opposes the dismissal of the battery claim by arguing that there is a factual dispute as to whether the decedent was an authorized organ and tissue donor. Ms. Frierson opposes the dismissal of the medical malpractice claim on the ground that she was excused from filing a certificate of good faith along with the Complaint because the VA failed to provide her with all of the necessary documentation from the decedent's medical records. As an alternative to denying the United States' Motion to Dismiss the medical malpractice claim with prejudice, Ms. Frierson requests that the court permit her to voluntarily dismiss her medical malpractice claim *without prejudice* or offer her a thirty-day extension within which to file the certificate of good faith.

On August 19, 2015, Ms. Frierson filed her own Affidavit as well as the Affidavit of Dr. Muhammad M. Akmal in further support of her opposition. (Docket Nos. 23, 24.) Attached to Ms. Frierson's Affidavit is a document that she attests to be a portion of the decedent's medical records from his admission to the VA hospital the day before his death, indicating that the

4

decedent is not an organ donor and did not intend to be one.  In his Affidavit, Dr. Akmal avers that he is a licensed physician in good standing who has been practicing in the Murfreesboro and Nashville areas for more than twenty years, including having been employed at a VA hospital for several years, and that he is familiar with the local standard of care.  While he states that he has reviewed almost 10,000 pages of the decedent's medical records and "expressed a preliminary view supporting the merits of" Ms. Frierson's claim, Dr. Akmal also states that he has "substantial doubts about the completeness of the medical records," because the consulting notes reference critical medical tests for which there are no results in the records.  (Docket No. 24 at ¶¶ 3-4.)  Dr. Akmal avers that "[i]t is impossible for any physician to give a definitive opinion on the breach of the standard of care or the issue of causation until it can be ascertained whether or not those important test results exist.  If the tests were not performed and the purported complete records provided, then there was a breach in the standard of care.  Based on my experience as a VA staff physician, I do not believe that complete medical records have been provided for whatever reason."  (Id. at ¶ 5.)

On December 18, 2015, the United States manually filed audio recordings, along with transcripts of these recordings, of calls between the VA, TDS, and Ms. Frierson in the twenty-four hours following the decedent's death, regarding the issue of organ and tissue donation.  (Docket Nos. 32, 35.)  Also on December 18, 2015, the United States filed the Affidavits of Jody Phillips, the Director of Decedent Affairs at the VA facility where the decedent died, and Thomas Patterson, the Nursing Supervisor at this facility.  (Docket Nos. 36, 39.)  These items purport to show that 1) TDS informed the VA of the decedent's status as a donor, not the other way around; 2) TDS, not the VA, informed Ms. Frierson that her husband was a donor; and 3) Ms. Frierson acquiesced in the donation, albeit with certain limitations that TDS agreed to, and did not express an objection or suggest that a mistake had been made.

5

Also on December 18, 2015, the United States filed the Affidavits of Melissa Kingsley, the Release of Information Clerk for the VA Tennessee Valley Healthcare System at the time of the decedent's death, and Robbie Braswell, the Privacy/FOIA Officer for the VA Tennessee Valley Healthcare System. These affidavits provide evidence in support of the United States' position that all of the decedent's medical records have been provided to Ms. Frierson in their entirety and that there is, thus, no justification for Ms. Frierson's failure to file a certificate of good faith. (Docket Nos. 37, 38.)

On December 22, 2015, Ms. Frierson filed a Motion for Oral Argument on the pending Motion to Dismiss. (Docket No. 42.) On December 23, 2015, the United States filed a Response to Ms. Frierson's Motion for Oral Argument. (Docket No. 44.)

On January 8, 2016, the United States filed a Reply to the plaintiff's Response to its Motion to Dismiss. (Docket No. 45.)

## **ANALYSIS**

As a preliminary matter, the court finds that oral argument is not necessary to resolve the United States' Motion to Dismiss. For the reasons discussed in greater detail below, the information in the record is more than sufficient for the court to rule on the motion as to both the medical malpractice and battery claims, and no additional testimony would affect the outcome. Accordingly, Ms. Frierson's Motion for Oral Argument will be denied.

The United States cites *Gentek Bldg Prods, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) for the proposition that, when a factual attack to subject matter jurisdiction is raised, the court may look to affidavits and other documents to resolve this dispute and, thus, requests that the court look to the evidence it has filed along with its Motion to Dismiss in resolving this dispute. What the United States overlooks, however, is that the Sixth Circuit also held in *Gentek* that:

> a district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.

*Gentek*, 491 F.3d at 330. For the reasons discussed below, the court finds that the United States' arguments against Ms. Frierson's battery claims are based on the merits and, therefore, the court will not make a determination as to the factual disputes at this stage.

### I. Medical Malpractice Claim and The THCLA's Certificate of Good Faith Requirement

According to § 29-26-122(a) of the THCLA, in filing a medical malpractice claim like Ms. Frierson's (in which expert testimony will be required to establish liability under § 29-26-115), "the plaintiff or the plaintiff's counsel *shall* file a certificate of good faith with the complaint. If this certificate is not filed with the complaint, the complaint *shall be* dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested . . .". Subsection (c) states that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice . . ." (emphases added).

The United States argues that Ms. Frierson's medical malpractice claim should be dismissed with prejudice because she failed to file a certificate of good faith at the same time as she filed the Complaint, and she has not shown that this failure was due to the VA's failure to provide copies of the claimant's records requested. In fact, it is clear from the record that the VA has provided Ms. Frierson with voluminous medical records of the decedent. Ms. Frierson argues, however, that the records are incomplete, for the reasons indicated in Dr. Akmal's Affidavit. Ms. Frierson has requested that the court deny the United States' Motion to Dismiss

the claim with prejudice on this ground or, alternatively, permit her to voluntarily dismiss the claim without prejudice in order to refile it along with a compliant certificate of good faith.

The court is not convinced that the possibility of missing information in the decedent's medical records, as alleged by Ms. Frierson and Dr. Akmal, actually rendered Ms. Frierson unable to file a certificate of good faith. Section 29-26-122(a) expressly provides that a certificate of good faith may be based on a signed statement by an expert saying that the expert either "[b]elieve[s], based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action" (§29-26-122(a)(1)(B)) *or* "[b]elieve[s], based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, *that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining this action*." (§29-26-122(a)(2)(B) (emphasis added)). Dr. Akmal's affidavit clearly indicates that the records he has reviewed support his preliminary finding of a good faith basis to maintain this action, despite the possible absence of information, and that he has expressed this opinion to Ms. Frierson's counsel. Moreover, Ms. Frierson has not indicated anywhere in the record that she has actually requested additional information from the VA at this time or that there will be any way to resolve the dispute at to whether information is missing from the records provided without proceeding to the discovery phase of litigation. Accordingly, the court is not convinced that the absence of certain test results from the decedent's medical records provides any justification for Ms.

Frierson's failure to file a certificate of good faith, based on the preliminary findings of Dr. Akmal.[4]

Nevertheless, the Supreme Court of Tennessee has recently held that "nothing in the [THCLA] prevent[s] the trial court from granting [a plaintiff's] request for voluntary dismissal." *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 574 (Tenn. 2015) (affirming a trial court's order permitting a plaintiff to voluntarily dismiss a medical malpractice claim without prejudice, even while a motion to dismiss *with prejudice* was pending, based on a dispute over the plaintiff's alleged noncompliance with § 29-26-122). For this reason, and in light of the court's findings that Ms. Frierson currently has all of the necessary components to file a certificate of good faith that would comply with § 29-26-122, the court will order that Ms. Frierson will be permitted to file a voluntary dismissal of her medical malpractice claim on or before March 4, 2016. If Ms. Frierson does not do so by that date, the court will dismiss the claim with prejudice.

## II. Battery Claim And The Gift Act

Under the Gift Act:

> A donor or other person authorized to make an anatomical gift under § 68-30-104 may make a gift by donor card or other record signed by the donor or other person making the gift, or by authorizing that a statement or symbol indicating that the donor has made an anatomical gift be included on a donor registry. . . .

Tenn. Code Ann. § 68-30-105(b). Also under the Gift Act,

> A donor may amend or revoke an anatomical gift, not made by will, by: (1) A signed statement; (2) An oral statement made in the presence of two (2) individuals; (3) Any form of communication by a terminal patient addressed to a physician; or (4) The delivery of a signed statement to a specified donee to whom a document of gift had been delivered.

---

[4] The United States also argues that Dr. Akmal may not provide expert testimony in this matter, and that consultation with Dr. Akmal may not provide the basis of Ms. Frierson's certificate of good faith, because Dr. Akmal has previously been employed by the VA. The United States cites no legal proposition for this argument, nor is the court aware of any.

9

Tenn. Code Ann. § 68-30-106(a). The United States argues that the decedent's registration with the Donate Life Tennessee registry renders him an authorized donor under the Gift Act, precluding Ms. Frierson's claim as a matter of law. What the United States overlooks, however, is that the decedent's placement on that registry does not necessarily provide a definitive conclusion as to his status as a donor, given the Gift Act's provisions for the subsequent revocation of an anatomical gift. Indeed, Ms. Frierson has provided evidence that there are notes the decedent's medical records indicating such a revocation may have been made by the decedent and that the VA may have improperly failed to report this information to TDS.[5]

In the alternative, the United States argues that its agents acted in a good faith attempt to comply with the Gift Act and are, therefore, immune from liability under § 68-30-115 of the Gift Act, which provides:

> A person who acts in accordance with this part or with the applicable anatomical gift law of another state, or attempts in good faith to do so, is not liable for the act in a civil action, criminal prosecution, or administrative proceeding.

While the United States has presented evidence that could potentially support its position that the VA acted in good faith with respect to its dealings with TDS regarding Mr. Frierson's status as a donor, there is no basis for the court to make this finding as a matter of law, particularly on a motion to dismiss. The court is aware of no legal basis to find that the question of good faith immunity under the Gift Act is a jurisdictional question. To the contrary, the court

---

[5] The United States also argues that it is not subject to liability for Ms. Frierson's battery claim because it is TDS, and not the VA, that was responsible for communicating with Ms. Frierson about, and making the final determination regarding, the decedent's donor status. At this stage of the litigation, however, before discovery has been completed, it is not appropriate to ascertain the precise role of the VA in providing information to TDS and to Ms. Frierson that may have impacted the final decision to harvest organs from the decedent. Ms. Frierson has chosen not to name TDS as a defendant in this action at this time but, irrespective of whether TDS may be subject to liability, the question of the United States' liability remains a matter of dispute.

10

finds that the question of good faith clearly goes to the merits of the action and is for a later stage, after the discovery process.

As the United States notes in its briefing, the FTCA grants the court jurisdiction over the United States (and waives its sovereign immunity from suit) only for claims in which a private individual would also be subject to liability. 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). In arguing that, because the good faith immunity provision of the Gift Act would preclude the United States' liability, the court lacks jurisdiction over Ms. Frierson's battery claim under Rule 12(b)(1), the United States essentially argues that jurisdiction is only appropriate under the FTCA where the plaintiff would actually be successful on the *merits* of the claim. This would essentially require any plaintiff bringing suit under the FTCA to prove his or her entire claim on the merits before jurisdiction could even be established. To the contrary, the court finds that subject matter jurisdiction is proper in this case because Ms. Frierson has sufficiently pled a claim for battery that, if successful, would lead to liability for a private individual and, thus, permits jurisdiction over the United States under the FTCA. Therefore, the court finds that dismissal for lack of subject matter jurisdiction is not warranted, and this claim shall proceed. Accordingly, the United States' Motion to Dismiss Ms. Frierson's battery claim will be denied.

## **CONCLUSION**

For the foregoing reasons, Ms. Frierson's Motion for Oral Argument will be denied, the United States' Motion to Dismiss will be stayed until March 4, 2016 with respect to Ms. Frierson's medical malpractice claim, and the United States Motion to Dismiss will be denied with respect to Ms. Frierson's battery claim. If Ms. Frierson does not file a voluntary dismissal

11

of her medical malpractice claim by March 4, 2016, the United States' Motion to Dismiss that claim will be granted, and the medical malpractice claim will be dismissed with prejudice at that time.

    An appropriate order will enter.

                                                                                           _____
                                                                                           ALETA A. TRAUGER
                                                                                           United States District Judge