IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WANDA FRIERSON, Individually and as ) <br> Widow of KEVREK FRIERSON, Deceased, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> (VETERANS ADMINISTRATION), ) <br> ) <br> **Defendant.** ) | Civil Action No. 3:15-CV-0390 <br> Judge Trauger <br> Magistrate Knowles |

_____

**AMENDED COMPLAINT**
_____

### I. INTRODUCTORY/JURISDICTIONAL STATEMENT

In furtherance of the Memorandum Opinion of the Court filed February 23, 2016 (Document 46), and upon the parties' agreement for resolution of the case issues, Plaintiff Wanda Frierson amends the Complaint previously filed in the above-captioned matter by substituting (pursuant to F.R.C.P. Rule 15) the following Amended Complaint which shall define the Plaintiff's final statement of allegations against the Defendant. Plaintiff Wanda Frierson is a resident of Murfreesboro, Rutherford County, Tennessee, residing at 3335 Vintage Grove Parkway, Murfreesboro, TN (37130). At all times pertinent to the factual allegations set forth below, Wanda Frierson was lawfully married to decedent Kevrek Frierson. Kevrek Frierson (hereinafter "the decedent") was a resident of Murfreesboro, Rutherford County, Tennessee as of the date of his death. The Department of Veterans Affairs and Veterans Administration, is an agency of the Defendant, United States Government. Plaintiff presents claims pursuant to Federal Tort Claims Act (FTCA), specifically 28 U.S.C. § 1346(b) and § 2671 through § 2680. Subject matter jurisdiction of the claim exists based upon the Plaintiff's assertion that within the period of

limitation required by the statute, a standard Form 95 ("Claim for Damage, Injury or Death") was timely filed with the Veterans Administration, providing all mandatory information requisite for a proper and lawful claim. More than six (6) months has elapsed since the filing of the claim. Accordingly, the litigation pursuant to the above-referenced statute is appropriate, upon the assertion that all administrative remedies have been exhausted, and subject matter jurisdiction exists for the presentation of the claim in the United States District Court. Plaintiff presents claims based solely upon medical malpractice. Plaintiff seeks compensatory damages.

## II. SUMMARY OF SIGNIFICANT MATERIAL FACTS

A. Decedent Kevrek Frierson was lawfully entitled to Veterans Administration benefits based upon his service and honorable discharge as a United States Marine.

B. Various medical issues resulted in the periodic hospitalization of the decedent at the Veterans Administration Hospitals in both Murfreesboro and Nashville. Significantly, the decedent suffered from a diabetic condition, and had become totally blind due to the progression of that disease. As of the date of his death, Mr. Frierson had been medically determined to be totally disabled. The decedent was 53 years of age at the time of his death.

C. Kevrek Frierson was hospitalized at the Veterans Administration Hospital Emergency Room on June 15, 2014, complaining of shortness of breath and other physical symptoms that should be commonly recognized (even among non-medical personnel) as potential signs of an impending heart attack. For reasons yet unexplained, was not placed in intensive care and was not placed on any cardiac monitoring devices. On the contrary, the decedent's condition was treated casually and routinely, as though he was experiencing a mild condition, such as indigestion or other non-threatening circumstances.

D.      Plaintiff asserts that only minimal cardiac evaluation occurred in the previous week's hospitalization, and the decedent was discharged, before being returned to the emergency room on June 15, 2014.

E.      Shortly thereafter (approximately two days), the decedent again experienced acute symptoms, and the decedent's widow was advised to transport Mr. Frierson to the facility's emergency room.  The decedent was manifesting extremely bloodshot eyes and intense, unmanageable pain.  He was again casually observed for about four days with the decedent's condition actually worsening during that four-day period.  Despite the obvious manifestation of extreme discomfort, and a worsened condition following the emergency room admission, Veterans Administration personnel insisted on discharging the decedent over the objection of the Plaintiff and her family.  The decedent was unable to walk, feed, bathe, or otherwise care for himself.  The decedent's debilitated condition was such that he was having difficulty even speaking due to his weakness.

F.      Remaining alarmed by the obvious deterioration of her husband's condition, the Plaintiff again returned her husband to the emergency room and implored the emergency room physician to take action.  That physician advised the Plaintiff that he agreed with her, and that the decedent should not have been discharged due to his inability to walk on his own.  The decedent was again admitted to the facility, and other VA personnel subsequently ordered physical therapy.  Again, throughout the entire progression of events described from the date of the initial admission on June 17, 2014 through the date of his last admission, no extensive cardiac evaluation occurred, and only minimal evaluation and bloodwork was performed, despite a dramatic progression of symptoms over that period of time.

G.      One day following the last date of hospitalization, the decedent died.  Subsequent to the decedent's death, Plaintiff learned that the decedent's "treatment" consisted of no extensive

3

clinical workup or evaluation, and instead, consisted primarily of the administration of numerous potent medications, many of which are counter-active and must be administered in conjunction of one another only with cautious and observant monitoring. The initial hospitalization reflected "cardiac findings" that were incorrectly recorded, and not consistent with the truthful information which had been related at the time of the admission regarding the decedent's shortness of breath, chest pain, and dizziness.

### III. PLAINTIFF'S LEGAL CLAIMS

A. Attached as an exhibit to the Amended Complaint, and consistent with the requirements of the Tennessee Code Annotated § 29-26-122, Plaintiff submits a Certificate of Good Faith affirming the following: That Plaintiff has complied with the requirements of the Tennessee Health Care Liability Statute which states that Plaintiff's counsel has consulted with one or more experts who have provided a signed written statement confirming that they are competent under T.C.A. § 29-26-115 to express an opinion in the case and that, based upon the information available from the medical records concerning the care and treatment of the decedent, that there is a good faith basis to maintain the action, consistent with the requirements of T.C.A. § 29-26-115. Plaintiff asserts the foregoing, while acknowledging that the entirety of the medical records pertaining to the decedent may not have been provided, the expert's opinion, despite the absence of certain information, confirms that there is a good faith basis for maintaining the action against the Defendant, within the meaning of T.C.A. § 29-26-115. Based upon the jurisdictional authority of 28 U.S.C. § 1346(b)(1) (The Federal Tort Claims Act), Plaintiff, individually and on behalf of the decedent/next-of-kin Kevrek Frierson, asserts a claim for damages resulting from the negligent wrongful acts or omissions of the employees of the Government of the United States, specifically the employees of the Veterans Administration Hospital, based upon actions which occurred within the scope of their employment duties at the Veterans Administration facility.

4

B. Plaintiff asserts that those negligent acts proximately and directly caused the death of Kevrek Frierson, producing injuries which were the cause in fact, and the foreseeable legal cause of the decedent's pain and suffering, and eventual death. Plaintiff asserts claims based upon:

(1) The physical suffering endured by the decedent prior to his death;

(2) The wrongful death of the decedent, resulting from the failure to diagnose and treat the decedent's medical condition in a manner consistent with the standard of acceptable professional practice for nursing and physician care in the Murfreesboro/Nashville medical community;

(3) For such further and general relief to which the Plaintiff may be entitled.

Respectfully submitted,

**BURGER, SCOTT & McFARLIN**

/s/Wm. Kennerly Burger
**Wm. Kennerly Burger, BPR #3731**
Attorney for Plaintiff
12 Public Square North
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333
kenburger@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded, via the Court's electronic filing system, to the following: Mr. Michael L. Roden, Assistant United States Attorney, Office of the United States Attorney, 110 9th Avenue South, Suite A-961, Nashville, TN 37203, Michael.roden@usdoj.gov, on this the 27th day of April, 2016.

/s/Wm. Kennerly Burger
**Wm. Kennerly Burger**